SQUIRE PATTON BOGGS (US) LLP
Michael W. Kelly (State Bar # 214038)
michael.kelly@squirepb.com
Michelle M. Full (State Bar # 240973)
michelle.full@squirepb.com
Suzanne S. Orza (State Bar # 312906)
suzy.orza@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:     +1 415 954 0200
Facsimile:     +1 415 393 9887

Attorneys for Defendant
G&K SERVICES, LLC, *erroneously served as*
G&K SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HOFFMAN and PHILIP DOLAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>G&K SERVICES, INC., a Minnesota corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-cv-4465<br><br>[Santa Clara County Superior Court Case No. 17CV311945]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT G&K SERVICES, LLC** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant G&K Services, LLC ("Defendant" or "G&K Services"), erroneously served as G&K Services, Inc., pursuant to 28 U.S.C. sections 1332, 1441, 1446 and 1453, hereby removes the above-captioned case entitled *Jesse Hoffman and Philip Dolan, individually and on behalf of others similarly situated v. G&K Services, Inc., a Minnesota corporation; and Does 1 through 100*, which is currently pending in the Superior Court of the State of California for the County of Santa Clara, assigned as Case No. 17CV311945, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction because there is complete diversity and the amount in controversy exceeds $75,000.

## I. SUMMARY OF COMPLAINT

On June 19, 2017, Plaintiffs Jesse Hoffman and Philip Dolan (collectively, "Plaintiffs") filed a civil complaint on behalf of themselves and all others similarly situated in the action entitled *Jesse Hoffman and Philip Dolan, individually and on behalf of others similarly situated v. G&K Services, Inc., a Minnesota corporation; and Does 1 through 100* in the Superior Court of the State of California for the County of Santa Clara, assigned as State Court Case No. 17CV311945.

The Civil Case Cover Sheet, Summons and Complaint were served upon G&K Services' designated agent for service of process on July 5, 2017. Attached to the Declaration of Michelle M. Full ("Full Decl.") as **Exhibit 1** is a true and correct copy of those documents served on Defendant G&K Services. Other than the documents contained in Exhibit 1, Defendant G&K Services has not been served with any other process, pleading, papers or orders to date.

Based on information publically available through the Santa Clara County Court docket, the only other documents filed in the state court action are a Civil Lawsuit Notice, ADR CV-5003, Order Deeming Case Complex, Guidelines for Motions related to Class Certification, and G&K Services, LLC's Answer to Complaint. There is also a docket entry for a Notice of Case

1  Management Conference.  True and correct copies of the documents filed are attached to the Full

2  Declaration as **Exhibit 2**.

3  Based on information and belief, no defendant other than G&K Services has been served

4  with process, pleadings, or summons.  Full Decl. at ¶ 4.

5  Plaintiffs seek to recover unpaid wages, damages, penalties, costs and attorneys' fees from

6  G&K Services on behalf of the proposed class based on the following seven causes of action

7  asserted in the Complaint:  (1) violation of California Labor Code §§ 510 and 1198 (unpaid

8  overtime); (2) violation of California Labor Code §§ 1194, 1197 and 1197.1 (unpaid minimum

9  wages); (3) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period

10 premiums); (4) violation of California Labor Code § 226.7 (unpaid rest period premiums);

11 (5)  violation of California Labor Code §§ 201 and 202 (wages not timely paid upon termination);

12 (6) violation of California Labor Code § 226(a) (non-compliant wage statements); and

13 (7) violation of California Business and Professions Code §§ 17200, *et seq.*  Full Decl., Ex. 1.

14 Plaintiffs purport to bring and maintain this action as a class action under California Code

15 of Civil Procedure section 382.  Plaintiffs propose the following class:

16
17
18
> All individuals who worked for Defendants in the state of California as Route Sales Drivers, Route Sales Helpers, or other similar position titles, at any time during the period from four years prior to the filing of this Complaint until the date of certification ("Class").

19 Full Decl., Ex. 1 at ¶ 15.

20 G&K Services does not concede, and expressly reserves the right to later contest at the

21 appropriate time, Plaintiffs' allegations that this lawsuit may properly proceed as a class action.

22 G&K Services also does not concede that any of Plaintiffs' allegations constitute a cause of action

23 under applicable law.

24 **II.    REMOVAL IS TIMELY**

25 Defendant G&K Services has timely removed this action within thirty (30) days of

26 service.  Plaintiffs served the registered agent for service of process for G&K Services on July 5,

27 2017.  Declaration of Jennifer Mueller ("Mueller Decl."), at ¶ 3; *see also* Full Decl., Ex. 1.

28 Because this Notice of Removal is filed within 30 days of service of the Complaint on G&K

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Services, it is timely under 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999).

No previous Notice of Removal has been filed or made with this Court for the relief sought herein.  Full Decl., at ¶ 5.

### III.   DIVERSITY OF CITIZENSHIP EXISTS

The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

#### 1.   Plaintiffs Are Citizens of California

To establish citizenship for diversity purposes, a natural person must be both: (1) a citizen of the United States, and (2) domiciled in the state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A natural person is deemed to be a citizen of the state where he or she is domiciled, which is where he or she resides with the intention to remain."  *Zavala v. Deutsche Bank Trust co. Ams.*, 2013 U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013) citing *Kantor*, 704 F.2d at 1090 and *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship, citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citing *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980)).  Plaintiffs' Complaint alleges that "Plaintiff Jesse Hoffman is a resident of Livermore, California, in Alameda County" and "Plaintiff Philip Dolan is a resident of San Jose, California, in Santa Clara County."  Full Decl., Ex. 1 at ¶¶ 5-6.  Based on information and belief, the Location where Plaintiffs worked is in the city of Hayward, which is in Alameda County.  Mueller Decl., at ¶ 4.  Plaintiffs provided G&K Services with information indicating that their permanent residences and domiciles are and were within the State of California, and Plaintiffs' wage statements and tax withholding information provided to G&K Services reflect permanent residences in California.  Mueller Decl., at ¶¶ 4-5.  Plaintiffs are therefore citizens of California for purposes of diversity jurisdiction.  Plaintiffs do not allege any alternative state of citizenship.

**2.     Defendant G&K Services is Not a Citizen of California**

A corporation is a citizen of the state where: (i) it has been incorporated; and (ii) its principal place of business is located.  28 U.S.C. § 1332(c).  The principal place of business for a corporation is determined by the location of its "nerve center," which includes the location of its headquarters and the location where its "officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).  Defendant G&K Services is and has been prior to the commencement of this action, incorporated in and existing under the laws of the State of Minnesota.  Mueller Decl., at ¶ 2.  In addition, G&K Services has its headquarters and principal place of business in Minnetonka, Minnesota.  *Id.*  Minnesota is where administrative functions are (including, but not limited to, accounting, human resources, payroll, etc.).  *Id.*  As a result, G&K Services is not now, nor ever has been, a citizen and/or resident of the state of California within the meaning of the Acts of Congress relating to the removal of class actions.  28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 97.  Accordingly, G&K Services is not considered a citizen of California for the purposes of determining diversity.

As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this action.  Full Decl., at ¶ 4.  Does 1 through 100 are wholly fictitious as the Complaint does not identify any of the Does 1 through 100 nor does it allege any facts about them.  Thus, these "Doe" defendants are disregarded for purposes of removal and have no effect on the ability to remove.  28 U.S.C. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (noting that citizenship of defendants sued under fictitious names "shall be disregarded for purposes of removal").

Accordingly, based on the Complaint and the above, complete diversity of citizenship exists because Plaintiffs and all named Defendants are citizens of different states.  28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—[] citizens of different States . . . .").  It does not matter that the two named Plaintiffs are citizens of the same state, since no single Plaintiff is a citizen of the same state as the Defendant.  *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530-531 (1967) (citations

1  omitted). In addition, a defendant may remove an action from state court to federal court if the
2  defendant is not a citizen where the action was brought. 28 U.S.C. § 1441(a)-(b).

## IV. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

Federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, excluding interests and costs. 28 U.S.C. § 1332(a); *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333 (1977). When measuring the amount in controversy, a court should assume the truth of the allegations in the complaint and that a jury will return a verdict in favor of Plaintiffs on all claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In cases such as this, where the complaint does not specify an amount in controversy[1], the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy requirement is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Under this standard, the Court must determine on a "more likely than not" basis whether the amount in controversy exceeds $75,000. *Id*.

The burden for the defendant seeking removal "is not daunting, and a removing defendant is not obligated to research, state, and prove the Plaintiffs' claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (internal citations omitted). The Court should consider the allegations in the Complaint in addition to facts asserted in G&K Services' Notice of Removal and other evidence submitted in support thereof. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. Cal. 1997). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint"). Plaintiffs' failure to specify particular damages permits G&K Services to reasonably estimate the amount in

---

[1] While Plaintiffs do not state a total amount in controversy, their Complaint refers to damages sought "in excess of twenty-five thousand dollars ($25,000)." Full Decl., Ex 1 at ¶ 17.

controversy. *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-690 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks no specific amount in damages," and a court will consider facts in the removal petition to determine whether jurisdictional requirements are met).

In determining the amount in controversy, the Court must consider the general damages, special damages, penalties, punitive damages, and attorneys' fees put "in controversy" by the plaintiff's complaint. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (explaining penalties are properly included in calculating amount in controversy).

Of the Plaintiffs' claims, analysis of only some is needed to show the requisite aggregate amount in controversy. Moreover, where at least one named plaintiff satisfies the amount-in-controversy requirement, a district court may exercise supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional minimum for diversity jurisdiction. *Exxon Mobil v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005). Thus, for purposes of these papers, this court only need to consider the claims of Plaintiff Philip Dolan, and the court need not consider all claims as alleged in the complaint.

### A.   The Amount in Controversy Exceeds $75,000

G&K Services satisfies the requisite showing to justify removal of the action to federal court. G&K Services does not concede that Plaintiffs' allegations have any merit and the calculations herein do not in any way impact Defendant's reservation of all defenses and legal arguments to the fullest extent.[2]

---

[2] Defendant fully denies that it violated any laws and fully reserves its rights and abilities to argue many finer points regarding the application of relevant pay plans. The approximate calculations herein are purely to demonstrate an amount in controversy for purposes of removal and have no bearing on Defendant's arguments and defenses concerning the viability of

Plaintiff Philip Dolan ("Dolan") was employed from approximately August 20, 2012 through October 17, 2015. Between June 19, 2014 through approximately October 17, 2015, Dolan worked approximately 71 weeks (assuming a three-year relevant time period); from approximately June 19, 2013 to June 18, 2014, Dolan worked approximately an additional 53 work weeks (assuming Plaintiffs are entitled to a fourth year to be added to the relevant time period), for a total of **124** approximate work weeks. Throughout his employment, Dolan participated in both an hourly pay plan (with rates that changed over time) and a pay plan based on an incentive compensation system. Mueller, at ¶ 4. In light of Dolan's changes in compensation, and for purposes of this Motion, G&K Services calculates the following amounts in controversy based on Dolan's lowest hourly rate, which was $17.50.

G&K Services does not concede that Plaintiffs' allegations have any merit. Based on this information obtained from the payroll records, however, calculations of the amount in controversy brought by Dolan's individual causes of action are as follows[3]:

| **DOLAN** | |
|---|---|
| **Failure to Pay Unpaid Overtime[4]*** | Assuming five hours of unpaid overtime per week, the amount in controversy is approximately **$16,275** (($17.50 rate of pay x 1.5) x 5 hours of OT per week x 124 total work weeks = $16,275)). |
| **Failure to Pay Minimum Wages*** | Assuming five hours of off-the-clock work per week, the amount in controversy is approximately **$10,850**, (($17.50 rate of pay x 5 hours a week) x (124 total number of weeks worked) = $10,850). |

---

Plaintiffs' claims or what the actual relevant time periods/statutes of limitations are for each claim. The calculations themselves in no way reflect Defendant's position on actual damages or the appropriate measure for calculating damages, they are simplifications done solely for purposes of this notice of removal.

[3] Because only some of Plaintiffs' causes of action are needed to show the requisite aggregate amount in controversy, certain claims have been excluded from this analysis.

[4] The claims marked with an asterisks (*) include a four-year statute of limitations calculation that Plaintiffs allege could be brought pursuant to their § 17200 claim. G&K reserves all arguments and defenses concerning the appropriate application of all statutes of limitations and whether Plaintiffs are entitled to any restitution for its § 17200 claim.

| | |
|---|---|
| **Failure to Provide Meal and Rest Breaks*** | Assuming Dolan missed five meal breaks and five rest breaks a week for his work weeks, his meal and rest break amount in controversy is approximately **$21,700** (($17.50 rate of pay x 10 violations per week) x 124 total work weeks = $21,700). |
| **Untimely Payment of Final Wages** | Dolan's claim for the untimely payment of final wages puts approximately **$4,200** in controversy ($17.50 rate of pay x 8 hours a day x 30 days = $4,200). |
| **SUBTOTAL** | **$53,025** |
| **Attorneys' Fees[5]** | Assuming approximately 100 hours of work at $250 an hour puts an additional **$25,000** of attorneys' fees ($250 x 100 hours of work = $25,000). |
| **TOTAL** | **$78,025** |

---

[5] In determining whether a complaint meets the $75,000 threshold for diversity removal, a court may consider the aggregate value of claims for compensatory damages as well as attorneys' fees throughout the entirety of the litigation. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) ("The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement."); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034-1035 (N.D. Cal. 2002) ("Such fees necessarily accrue until the action is resolved."). Attorneys' fees awards in similar cases, alleging individual wage and hour violations, frequently exceed $75,000. *See e.g., Barboza v. W. Coast Digital GSM, Inc.*, No. B227692, 2011 Cal. App. Unpub. LEXIS 2187, at *19; 2011 WL 1051275, at *6 (Cal. Ct. App. Mar. 24, 2011) (awarding $79,528 in attorneys' fees was reasonable for counsel's work on individual claims); accord *Lippold v. Godiva Chocolatier, Inc.*, No. C10-00421, 2010 U.S. Dist. LEXIS 47144, at *10-11; 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (concluding that defendant's estimate of attorneys' fees in a wage and hour case in an amount exceeding $75,000 was a good faith estimate).

Based on the legal theories stated above, and assuming a rate of $250 per hour and 300 hours of work, counsel for Plaintiffs could potentially be entitled to $75,000.00. Even assuming the amount in controversy requirements calculated for Dolan thus far, the amount of attorneys' fees need only be $21,975 ($75,000 minus the sub-total amount of $53,025) and will more likely than not exceed the jurisdictional threshold. *See Melendez v. HMS Host Family Restaurants, Inc.*, Case No. CV 11-3842 ODW (CWx) 2011 U.S. Dist. LEXIS 95493, at *9-12 (C.D. Cal. Aug. 25, 2011) ("the fees and a punitive damages award of at least $28,000.00, combined with approximately $47,424.00 in lost wages, will more likely than not exceed the jurisdictional minimum"). Accordingly, it is reasonable to calculate attorneys' fees to include in the amount in controversy of $25,000 ($250 x 100 hours of work = $25,000).

**SUMMARY OF AMOUNT IN CONTROVERSY FOR DIVERSITY REMOVAL**

For each of the foregoing reasons, while G&K Services denies any liability as to Plaintiffs' claims, it is "more likely than not" that the amount in controversy on Dolan's claims alone exceed $75,000, exclusive of interest and costs, as required by U.S.C. section 1332(a).

Moreover, because Dolan did not have a single hourly rate during the relevant time period, alternative choices for the rate of pay would lead to increases in the calculated amount in controversy. For example, on or around August 2013, Dolan's hourly rate increased to $17.94, which would result in an increase of $1,333.20 to his purported amount in controversy. Later on, Dolan's compensation included a substantial alternate regular pay component. Taking the sum of his standard pay plus his alternate regular pay and dividing it by his regular hours worked (as a gross estimate) would give an average rate of $22.91, which would increase the amount in controversy by $5,031.30.

Notwithstanding G&K Services' denial of Plaintiffs' allegations, including Plaintiffs' averments that they and some purported class members are entitled to class action claims, Plaintiffs' allegations, theories and prayer for relief have placed into controversy an amount in excess of $75,000. Moreover, as is obvious to this Court, even a small class of similarly situated individuals would likewise make the amount in controversy far exceed $75,000 even if some of the assumptions regarding the potential scope of damages is challenged by Plaintiffs to try to prevent removal.

**V.    VENUE IS PROPER**

This action was originally filed in the Superior Court for the County of Santa Clara. Accordingly, venue is proper in this district, the Northern District of California, because it embraces the place in which the action has been pending. 28 U.S.C. § 1441(a).[6]

---

[6] While venue is appropriate in the Northern District California, for purposes of divisional reassignment within the Northern District, Plaintiffs' employment with G&K Services was at a Location in Hayward, California, which is within Alameda County. Mueller Decl., at ¶ 4. Accordingly, Cintas would propose that this case proceed within either the San Francisco or Oakland Division of the Northern District of California.

1  **VI.  ALL NOTICE AND PROCEDURAL REQUIREMENTS HAVE BEEN MET**

G&K Services will promptly serve copies of this Notice of Removal upon all parties and will promptly serve and file a copy with the Superior Court of the State of California, County of Santa Clara, pursuant to 28 U.S.C. § 1446(d).

If any question arises as to the propriety of the removal of this action, G&K Services requests the opportunity to present a brief or supplemental evidence in support of its position that this case is subject to removal.

Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by G&K Services of any fact or the validity or merits of Plaintiffs' claims, causes of action, allegations (individual and as pertaining to a class). G&K Services expressly reserves all rights, remedies and defenses in connection with this action.

WHEREFORE, G&K Services respectfully requests that the Court assume full jurisdiction over this action as if Plaintiffs had originally filed his claims in this Court and that the above-captioned action be removed to the United States District Court.

Dated: August 4, 2017              SQUIRE PATTON BOGGS (US) LLP


By: _____*/s/ Michelle M. Full*_____
    Michael W. Kelly
    Michelle M. Full
    Suzanne S. Orza

Attorneys for Defendant
G&K SERVICES, LLC, *erroneously served as*
G&K SERVICES, INC.

10
NOTICE OF REMOVAL TO FEDERAL COURT
Case No. 3:17-cv-4465

# CERTIFICATE OF SERVICE

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 275 Battery Street, Suite 2600, San Francisco, California 94111, which is located in the county where any non-personal service described below took place.

On August 4, 2017, a copy of the following document(s):

- CIVIL COVER SHEET
- NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT G&K SERVICES, LLC;
- DECLARATION OF MICHELLE M. FULL IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT G&K SERVICES, LLC;
- DECLARATION OF JENNIFER MUELLER IN SUPPORT OF NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT G&K SERVICES, LLC;
- DEFENDANT G&K SERVICES, LLC.'S CERTIFICATION OF INTERESTED PERSONS; and
- DEFENDANT G&K SERVICES, LLC'S DISCLOSURE STATEMENT

was served on:

| | |
|---|---|
| Matthew R. Bainer, Esq. | Attorneys for Plaintiffs |
| The Bainer Law Firm | Jesse Hoffman and Philip Dolan |
| 1901 Harrison Street, Suite 1100 | |
| Oakland, CA 94612 | |
| mbainer@bainerlawfirm.com | |

Service was accomplished as follows.

☒ **By U.S. Mail, According to Normal Business Practices.** On the above date, at my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service. I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 4, 2017, at San Francisco, California.



KC Davis