SQUIRE PATTON BOGGS (US) LLP
Michael W. Kelly (State Bar # 214038)
michael.kelly@squirepb.com
Melissa B. Black (State Bar # 289545)
melissa.black@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:    +1 415 954 0200
Facsimile:     +1 415 393 9887

Marisol C. Mork (State Bar # 265170)
Marisol.mork@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:    +1 213 624 2500
Facsimile:     +1 213 623 4581

Attorneys for Defendant
G&K SERVICES, LLC erroneously served as
G&K SERVICES, INC.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE HOFFMAN and PHILIP DOLAN, individually and on behalf of other similarly situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>G&K SERVICES, INC., a Minnesota corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. 5:17-cv-04465-LHK<br><br>**AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**<br><br> Judge:  Hon. Lucy H. Koh |

This Amended Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Agreement") is made and entered into by and between Claimants Jesse Hoffman and Philip Dolan ("Claimants" or "Class Representative"), as individuals and on behalf of all others similarly situated, and Defendant G&K Services, Inc., G&K Services LLC, Cintas Corporation

No. 2 and Cintas Corporation No. 3 (collectively "Defendant") (collectively, the "Parties"). It is hereby stipulated and agreed, by and between the undersigned Parties, subject to approval by the Court, that the settlement of this action shall be effectuated upon and subject to the following terms and conditions:

## I.    RECITALS

1.    On June 19, 2017, Claimants filed a putative class action Complaint on behalf of themselves and all Route Sales Drivers and Route Sales Helpers, in California, against Defendant, alleging the following causes of action: 1) failure to pay regular, overtime and double time wages in violation of the California Labor Code 2) failure to provide, authorize, permit and /or make available meal and rest periods in violation of California Labor Code §§ 226.7 and 512; 3) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; 4) failure to maintain accurate time and payroll records in violation of California Labor Code § 1174; 5) failure to pay all wages upon termination in violation of California Labor Code §§ 201-204; 6) violation of California Business and Professions Code §§ 17200, *et seq.*;

2.    Defendant denies all material allegations set forth by Claimants and denies that the allegations are appropriate for class or representative action treatment. Defendant further contends that it has complied with all state and federal wage and hour laws. Consequently, Defendant does not believe that any liability to Claimants or putative class action or representative action members exists, or that Claimants or putative class action or representative action members are entitled to any recovery. Nevertheless, in the interest of avoiding further litigation, Defendant desires to fully and finally settle all actual or potential claims by Claimants and putative class action and representative action members.

3.    Claimants' counsel in the Action investigated Claimants' allegations against Defendant, including any and all applicable defenses and the applicable law. The investigation included, *inter alia*, the exchange of written Interrogatory and Request for Documents responses, data, information and documents concerning the claims, defenses and alleged

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

010-8705-5581/2/AMERICAS

damages at issue, including Claimants' personnel files and wage statements, and relevant policy documents.

4.      On September 10, 2018, the Parties engaged in an all-day mediation session with Tripper Ortman, a highly respected mediator for wage and hour class actions. The settlement discussions were conducted at arm's-length, and the settlement is the result of an informed and detailed analysis of Defendant's potential liability of total exposure in relation to the costs and risks associated with continued litigation.  Discussions between counsel for the Parties, discovery, as well as the investigation and evaluation of Claimants' allegations by the Parties, have permitted each side to assess the relative merits of the claims and defenses to those claims. Based on the documents produced, as well as Claimants' counsel's own independent investigation and evaluation, and with the mediator's efforts, Claimants' counsel believes that the settlement with Defendant for the consideration and on the terms set forth in this Agreement is fair, reasonable, and adequate, and is in the best interest of the Class Action Members in light of all known facts and circumstances, including the risks of significant delay and uncertainty associated with litigation and various defenses asserted by Defendant.

5.      This Agreement is made and entered into by and between Claimants, individually and on behalf of Class Action Members as defined herein, and Defendant, and is subject to the terms and conditions hereof, and to the Court's approval.  The Parties expressly acknowledge that this Agreement is entered into solely for the purpose of compromising significantly disputed claims and that nothing herein is an admission of liability or wrongdoing by Defendant.  If for any reason the Agreement is not approved by the Court, it will be of no force or effect, and the Parties shall be returned to their original respective positions.

## II.      DEFINITIONS

6.      "Action" means Jesse Hoffman and Philip Dolan v. G&K Services, Inc., United States District Court for the Northern District of California Case No. 5:17-cv-04465-LHK.

7.      "Attorneys' Fees and Costs" means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and resolution of this Action, and all

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

costs incurred and to be incurred by Class Counsel in the Action, including, but not limited to, costs associated with documenting the Settlement, securing the Court's approval of the Settlement, administering the Settlement, and obtaining entry of Judgment. Class Counsel shall request attorneys' fees of up to one-third (1/3) of the Maximum Settlement Amount, *i.e.*, up to Two Hundred, Sixteen Thousand, Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($216,666.66), plus the reimbursement of reasonable costs and expenses associated with Class Counsel's litigation and settlement of the Action, both of which will be paid from the Maximum Settlement Amount. Defendant agrees not to oppose Class Counsel's fee and cost applications up to the above-specified amounts. Any portion of the Attorneys' Fees and Costs not awarded to Class Counsel shall be added to the Net Settlement Amount for the benefit of Participating Class Members.

8.    "Claims Administration Costs" means the costs payable from the Maximum Settlement Amount to the Settlement Administrator for administering this Settlement, including, but not limited to, printing, distributing, and tracking documents for this Settlement, calculating estimated amounts per Class Member, tax reporting, distributing the appropriate settlement amounts, and providing necessary reports and declarations, and other duties and responsibilities set forth herein to process this Settlement, and as requested by the Parties. The Settlement Administration Costs shall be paid from the Maximum Settlement Amount.

9.    "Settlement Administrator" means CPT Group, or any other third-party class action settlement administrator agreed to by the Parties and approved by the Court for purposes of administering this settlement. The Parties each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

10.    "Class Counsel" means Matthew R. Bainer at The Bainer Law Firm, which will seek to be appointed counsel for the Settlement Class.

11.    "Class List" means a complete list of all Class Members that Defendant will diligently and in good faith compile from its records and provide to the Settlement

- 4 -
AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE – CASE NO. 5:17-CV-04465-LHK

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Administrator within fifteen (15) business days after the Court's Preliminary Approval of this Settlement.  The Class List shall be formatted in a readable Microsoft Office Excel spreadsheet and shall include each putative Class Member's full name, last known address, telephone numbers and/or emails to the extent they are available, social security numbers and dates worked as Class Members during the Class Period.

12.     "Class Member(s)" or "Settlement Class" means any individual employed by G&K Services, Inc. as a Route Sales Driver, Route Sales Representative, Assistant to Delivery or Route Sales Helper in the state of California at any time during the Class Period.

13.     "Class Period" means the period from June 19, 2013 through the date of preliminary approval.

14.     "Court" means the United States District Court for the Northern District of California.

15.     "Effective Date" means the latter of the following: (1) the date the Court grants Final Approval if no valid objections have been filed; (2) if one or more valid objections have been filed but no appellate proceedings have been initiated, thirty (30) days after the date the Court enters an order granting final approval of the Settlement; or (3) if one or more valid objections have been filed, and an appeal, writ, or other appellate proceeding has been initiated, the date on which any appeal, writ, or other appellate proceedings has been finally and conclusively dismissed with no right to pursue further remedies or relief.

16.     "Enhancement Payment" means the amount of Two Thousand Five Hundred Dollars ($2,500.00) to be paid to Claimants from the Maximum Settlement Amount for their services on behalf of Class Members, and in consideration of their execution of a General Release as detailed in Paragraph 34, subject to the Court granting Final Approval of this Agreement and subject to the exhaustion of any and all appeals.  Any portion of the Enhancement Payment not awarded by the Court to Claimants shall be added to the Net Settlement Amount for the benefit of Participating Class Members.

17.     "Final Approval" means the Court order granting final approval of the

010-8705-5581/2/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Agreement and entry of judgment.

18.    "Individual Settlement Payment(s)" means each Participating Class Member's share of the Net Settlement Amount, to be distributed to Class Members.

19.    "Maximum Settlement Amount" means the maximum settlement amount of Six Hundred and Fifty Thousand Dollars ($650,000.00) to be paid by Defendant in full satisfaction of all claims arising from the Action, which includes all Attorneys' Fees and Costs, Enhancement Payment, and Claims Administration Costs.  In no event will Defendant be liable for more than the Maximum Settlement Amount.  Defendant's share of any employer payroll taxes to be paid in connection with the Settlement (*e.g.*  FICA, FUTA, payroll taxes, and/or any similar tax or charge) shall be paid by Defendant in addition to the Maximum Settlement Amount.

20.    "Net Settlement Amount" means the portion of the Maximum Settlement Amount remaining after deduction of the approved Enhancement Payment, Claims Administration Costs, and the Attorneys' Fees and Costs.  The Net Settlement Amount shall be distributed to Participating Class Members.

21.    "Notice of Settlement" means the Notice of Proposed Class and Representative Action Settlement attached hereto as **Exhibit 1**, or a substantially similar form.

22.    "Participating Class Member(s)" means all Class Members who do not opt out.

23.    "Preliminary Approval" means the Court order granting preliminary approval of the Agreement.

24.    "Released Parties" means Defendant and any of its former and present parents, subsidiaries, affiliates, divisions, corporations in common control, successors, and assigns, as well as all past and present officers, directors, employees, partners, shareholders and agents, attorneys, insurers, and any other successors, assigns, or legal representatives, if any.

25.    "Response Deadline" means thirty (30) calendar days from the date the Settlement Administrator mails the Notice of Settlement to the Class Members.  If the 30th day falls on a Sunday or Federal holiday, the Response Deadline shall be extended to the next day

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

on which the U.S. Postal Service is open.  If a Notice of Settlement is returned because of an incorrect address and re-mailed to an updated address, the Response Deadline is thirty (30) days from the original mailing of the Notice of Settlement or fourteen (14) days from the date of re-mailing, whichever is later.

### III.    CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

26.    Claimants, the Participating Class Members, and Defendant agree and stipulate, as part of this Agreement, to a certification of a Settlement Class for settlement purposes only. The Parties agree that, in conjunction with Claimants' filing of a Motion for Preliminary Approval pursuant to Section V of this Agreement ("Motion for Preliminary Approval"), Claimants shall request, and Defendant shall not oppose, the certification of a Settlement Class. The stipulation to certify the Settlement Class is entirely contingent upon preliminary and final approval of this Settlement by the Court and is made for settlement purposes only.  If the Agreement is not approved by the Court, is overturned on appeal or does not become final for any other reason, the Parties agree that the certification of the Settlement Class is void *ab initio* and that, if necessary, they shall stipulate to decertification of the Settlement Class without prejudice to the propriety of class certification being adjudicated on the merits.

27.    In the event that Final Approval is not obtained, nothing in this Agreement shall be deemed to waive Defendant's objections and defenses to class certification, liability, or entitlement to monetary or equitable relief, or any other issue in the Action, and this Agreement shall then be deemed null and void and not admissible in any court regarding the propriety of class certification, liability or entitlement to monetary or equitable relief, or any other issue in the Action.

### IV.    SETTLEMENT OF THE LAWSUIT AND RELEASE OF CLAIMS

28.    This Agreement constitutes a full, complete and final disposition and settlement of all of the claims of the Claimants and Class Members that have arisen or may arise out of the Action through the date of the Final Approval of this Agreement.

29.    <u>Allocations to be Paid from the Maximum Settlement Amount</u>.  The Parties

agree to the following allocations to be paid from the Maximum Settlement Amount, subject to Court approval:

      A.    Up to $216,666.66 in attorneys' fees and reasonable costs to Class Counsel, subject to court approval.

      B.    Up to $2,500 to Claimants in Enhancement Payments, subject to court approval;

      C.    Claims Administration Costs subject to Court approval.

      D.    The Net Settlement Amount shall be eligible for distribution to Participating Class Members on a *pro rata* basis consistent with the allocation formula set forth in Paragraph 1 and its subparts.

      E.    If the Court approves a lesser amount of the Attorneys' Fees and Costs, Enhancement Payment or Claims Administration Costs, any amount disallowed by the Court shall be included in the Net Settlement Amount and the Parties agree that the Settlement shall remain binding with such modification(s) and its terms shall be otherwise unchanged.

30.    <u>Tax Treatment</u>.  Twenty percent (20%) of each Individual Settlement Payment shall be allocated as payment for alleged unpaid wages, twenty percent (20%) shall be allocated as alleged unpaid interest and the remaining sixty percent (60%) shall be allocated as alleged unpaid civil and statutory penalties.  The portion allocated to wages shall be reported on an IRS Form W-2, with applicable withholdings, and the portions allocated to interest and penalties shall be reported on an IRS Form-1099. The Enhancement Payment shall be reported on an IRS Form-1099.  Defendant shall solely be responsible for the employer portion of the payroll taxes. Defendant makes no representation as to the tax treatment or legal effect of the payments called for in this Agreement, and Claimants and Participating Class Members are not relying on any statement, representation, or calculation by Defendant.  Claimants and Participating Class Members understand and agree that, except for Defendant's payment of the employer's portion of any payroll taxes, they will be solely responsible for the payment of any taxes and penalties

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  assessed on the payments described herein.  Class Representative, Class Counsel and

2  Participating Class Members shall be solely and legally responsible for correctly characterizing

3  the payments they receive pursuant to this Agreement for tax purposes and for paying any taxes

4  on the amounts received.

5       31.  <u>Calculation of Individual Settlement Payments</u>.  The Settlement Administrator

6  shall calculate Individual Settlement Payments by adding the individual Net Settlement Amount

7  and individual PAGA Settlement Amount, if applicable:

8       A.  <u>Individual Net Settlement Amount</u>: The Settlement Administrator shall

9  divide the Net Settlement Amount by the total number of Workweeks for the entire

10  Settlement Class, resulting in the Net Settlement Workweek Value, and then multiplying

11  the Net Settlement Workweek Value by the number of workweeks worked by each

12  Participating Class Member during the Class Period.

13       32.  <u>Settlement Payments Do Not Trigger Additional Benefits.</u>  All Individual

14  Settlement Payments to Class Members shall be deemed to be paid to such Class Members

15  solely in the year in which such payments actually are received by the Class Members.  It is

16  expressly understood and agreed that the receipt of such Individual Settlement Payments shall

17  not entitle any Class Member to additional compensation or benefits under any company bonus,

18  contest or other compensation or benefit plan or agreement in place during the period covered

19  by the Settlement, nor will it entitle any Class Member to any increased retirement, 401K

20  benefits or matching benefits, or deferred compensation benefits.  It is the intent of this

21  Agreement that the Individual Settlement Payments provided for in this Agreement are the sole

22  payments to be made by Defendant to the Class Members, and that the Class Members are not

23  entitled to any new or additional compensation or benefits as a result of having received the

24  Individual Settlement Payments (notwithstanding any contrary language or agreement in any

25  benefit or compensation plan document that might have been in effect during the period

26  covered by this Settlement).

27       33.  <u>Release of Claims by Participating Class Members</u>.  Upon the Effective Date, for

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

and in consideration of the mutual promises, terms and conditions by and between the Participating Class Members and Defendant set forth herein, the sufficiency of which consideration is expressly acknowledged, the Participating Class Members do hereby fully, finally and forever release and discharge the Released Parties from all the following claims for relief based on the facts or violations alleged in the Action: 1) failure to pay regular, overtime and double time wages in violation of the California Labor Code 2) failure to provide, authorize, permit and /or make available meal and rest periods in violation of California Labor Code §§ 226.7 and 512; 3) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; 4) failure to maintain accurate time and payroll records in violation of California Labor Code § 1174; 5) failure to pay all wages upon termination in violation of California Labor Code §§ 201-204; 6) violation of California Business and Professions Code §§ 17200, *et seq.*; 7) any other claims, penalties, premiums, or injunctive relief under the laws pleaded in the Action; and 8) all damages, penalties, interest and other amounts related to  said causes of action under California law and the California Labor Code as to the facts or violations alleged in the Action, the applicable Wage Orders as to the facts or violations alleged in the Action, the California Unfair Competition Law as to the facts or violations alleged in the Action. Nothing in this Agreement shall be construed to require Participating Class Members to waive or release rights which may not be waived or released as a matter of applicable law.  This release is final and binding on all Participating Class Members.

34.     <u>General Release of Claims by Claimants</u>.  Upon the Effective Date, for and in consideration of the mutual promises, terms and conditions by and between Claimants and Defendant set forth herein, the sufficiency of which consideration is expressly acknowledged, Claimants do hereby fully, finally and forever release and discharge all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law or contracts, whether known or unknown and whether anticipated or

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

unanticipated, arising from or relating to Claimants' relationship, or termination of relationship, with any Released Party, during the Class Period to the Effective Date for any type of relief (the "General Release"). The claims released by Claimants include, but are not limited to, the claims released by Participating Class Members, as well as any other claims under any provision of the FLSA, the California Labor Code, any city or county ordinance in the State of California, and claims under any other state or federal laws, including, without limitation, the Fair Employment Housing Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, the Americans with Disabilities Act, the Fair Credit Reporting Act, the Employee Retirement Income Security Act of 1974, and all of their implementing regulations and interpretive guidelines.

For the purpose of implementing a full and complete release and discharge of the Released Parties, Claimants expressly acknowledge that this General Release is intended to include in its effect, without limitation, all claims which Claimants do not know or suspect to exist in Claimants' favor at the time of execution hereof, and that this General Release contemplates the extinguishment of any such claim or claims. Claimants and the Released Parties acknowledge, understand and agree that this representation and commitment is essential to each Party and that this Agreement would not have been entered into were it not for this representation and commitment. In furtherance of Claimants' intent to waive and release all claims against the Released Parties, whether or not now known, Claimants also expressly waives and releases any and all rights and benefits conferred upon Claimants under Section 1542 of the Civil Code of the State of California which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which, if known by him or her, must have materially affected his or her settlement with the debtor.

Claimants agree and understand that if, hereafter, they discover facts different from or in addition to those which they now know or believe to be true, that the waivers and release set forth in this Agreement shall be and remain effective in all respects notwithstanding such

AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE – CASE NO. 5:17-CV-04465-LHK

010-8705-5581/2/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1    different or additional facts or the discovery thereof.

2    Claimants being over 40 years of age, consistent with the terms of the Older Workers'

3    Benefits Protection Act, the Parties further agree Claimants:

4         A.    Read this Agreement in its entirety and understand all of its terms;

5         B.    Were advised in writing of the right to consult with an attorney;

6         C.    Consulted with such counsel as they believed was necessary before

7    executing this Agreement;

8         D.    Knowingly, freely, and voluntarily assent to all of the terms and conditions

9    set out in this Agreement including, without limitation, the waiver, release, and covenants

10   contained in it;

11        E.    Are executing this Agreement in exchange for good and valuable

12   consideration;

13        F.    Were given at least twenty-one (21) days to consider the terms of this

14   Agreement and consult with an attorney but may sign this Agreement sooner if desired;

15        G.    Understand they have seven (7) days after signing this Agreement to revoke

16   the releases in this Agreement by delivering notice of revocation to Ms. Marisol Mork

17   before the end of this seven-day period; and

18        H.    Understands that the release contained in this paragraph does not apply to

19   rights and claims that may arise after they sign this Agreement.

20   35.   <u>No Admission of Liability</u>.  The Parties enter into this Agreement to resolve the

21   dispute that has arisen between them and to avoid the burden, expense and risk of continued

22   litigation.  In entering into this Agreement, Defendant does not admit, and specifically denies, it

23   has violated any state, federal, or local law; violated any regulations or guidelines promulgated

24   pursuant to any statute or any other applicable laws, regulations or legal requirements; breached

25   any contract; violated or breached any duty; engaged in any misrepresentation or deception; or

26   engaged in any other unlawful conduct with respect to its employees.  Neither this Agreement,

27   nor any of its terms or provisions, nor any of the negotiations connected with it, shall be

28

construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable law. Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to establish the existence of any condition constituting a violation of, or a non-compliance with state, federal, local or other applicable law.

36.    Acknowledgement that the Settlement is Fair and Reasonable. The Parties believe this Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Agreement.

## V.    MOTION FOR PRELIMINARY APPROVAL

37.    Within thirty (30) days from the execution of this agreement, Claimants shall file a Motion for Preliminary Approval with the Court and schedule a hearing on the Motion for Preliminary Approval in accordance with applicable Court rules. Class Counsel shall be responsible for drafting all documents necessary to obtain preliminary approval.

## VI.    CLAIMS ADMINISTRATION

38.    Claims Administration Process. The Parties agree to cooperate in the administration of the settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in such administration.

39.    Responsibilities of Settlement Administrator. The Settlement Administrator shall be responsible for, and the Claims Administration Costs shall cover: (a) calculating each Class Member's potential Individual Settlement Payment from the Net Settlement Amount and applicable withholdings; (b) preparing and mailing the Notice of Settlement; (c) taking appropriate steps to trace, update and locate any Class Member whose address or contact

010-8705-5581/2/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1    information as provided to the Settlement Administrator is inaccurate or outdated; (d) receiving

2    and providing to Class Counsel, Defendant's counsel, and the Court, copies of Workweek

3    challenges and opt-out requests; (e) providing to Class Counsel and Defendant's counsel a

4    weekly report of the progress and completion of tasks identified in the Agreement; (f)

5    maintaining prior to disbursement all settlement funds in a qualified settlement fund; (g) issuing

6    and distributing all payments provided for in this Agreement, including the Individual

7    Settlement Payments; (h) reporting the payments made pursuant to this Agreement as required

8    on a W-2, Form 1099 or other applicable forms; and (i) calculating Defendant's share of payroll

9    taxes, including FICA and FUTA, on the portion of each Individual Settlement Payment

10   allocated to unpaid wages.

11   40.    Delivery of the Class Data.  Within fifteen (15) days of Preliminary Approval,

12   Defendant shall provide the Class List to the Settlement Administrator.

13   41.    Confirmation of Contact Information in the Class Lists.  Prior to mailing, the

14   Settlement Administrator shall perform a search based on the National Change of Address

15   ("NCOA") database or any other similar services available, such as provided by Experian, for

16   information to update and correct for any known or identifiable address changes.

17   42.    Notice.  Within fifteen (15) days of receipt of the Class List, the Settlement

18   Administrator shall mail the Court-approved Notice of Settlement to Class Members *via* First

19   Class U.S. mail using the updated/corrected addresses obtained through the NCOA database.

20   There will not be a claim process requirement and, as such, Class Members will not receive nor

21   will they be required to submit a claim form to receive their individual settlements.  It shall be

22   conclusively presumed that if an envelope so mailed has not been returned by the Response

23   Deadline, the Class Member received the Notice of Settlement.

24   43.    Undeliverable Notices.  Any Notice of Settlement returned to the Settlement

25   Administrator as non-delivered on or before the Response Deadline shall be re-mailed to the

26   forwarding address affixed thereto.  If no forwarding address is provided, the Settlement

27   Administrator shall make reasonable efforts to obtain an updated mailing address within five (5)

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1    business days of the date of the return of the Notice of Settlement.  If an updated mailing address

2    is identified, the Settlement Administrator shall resend the Notice of Settlement to the Class

3    Member.  Class Members to whom Notice of Settlement are resent after having been returned

4    undeliverable to the Settlement Administrator shall have an additional fourteen (14) days to

5    respond or until the original Response Deadline has expired, whichever is later. Notice of

6    Settlement that are resent shall inform the recipient of this adjusted deadline.  If a Class

7    Member's Notice of Settlement is returned to the Settlement Administrator more than once as

8    non-deliverable, no additional Notice of Settlement shall be sent.

9        44.    Response Deadline.  Class Members may challenge the information provided in

10   their Notice of Settlement, object to the Settlement, or opt out of the Settlement no later than

11   the Response Deadline, *i.e.*, thirty (30) calendar days from the date the Settlement

12   Administrator mails the Notice of Settlement, unless the Response Deadline is extended due to

13   re-mailing of the Notice of Settlement as indicated above in Paragraph 43, as follows:

14       A.    Challenging Workweeks.  Class Members may challenge the number of

15   Workweeks to which they have been credited by writing to the Settlement Administrator

16   and providing written proof establishing the accuracy of his or her challenge.  A challenge

17   must be faxed or postmarked no later than the Response Deadline, unless extended

18   because of re-mailing of the Notice of Settlement as set forth in Paragraph 43.  Absent

19   evidence rebutting Defendant's records, Defendant's records shall be presumed

20   determinative.  The Settlement Administrator shall inform counsel for all Parties in

21   writing of any timely-filed challenges, and shall investigate any challenges, including by

22   consulting Defendant and Defendant's counsel, and shall make the final decisions as to

23   the Class Members' Workweeks.  These decisions will be final and non-appealable by

24   Class Members. Under no circumstances will a challenge result in a payment by

25   Defendant in excess of the Maximum Settlement Amount.

26       B.    Opting Out.  Class Members who wish to "opt out" of and be excluded

27   from the Settlement Class must send a letter to the Settlement Administrator bearing a

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

postmark or fax date no later than the Response Deadline, unless extended because of re-mailing of the Notice of Settlement as set forth in paragraph 43, clearly providing his or her name, address, telephone number and last 4 digits of the social security number, and stating his or her request to be excluded from the Settlement Class. If a Class Member submits a deficient opt-out, the Settlement Administrator shall notify the Class Member of the deficiency within five (5) business days of receipt. The Class Member shall have until the Response Deadline, or an additional ten (10) days if notice of the deficiency is provided five (5) days or less before the Response Deadline, to cure said deficiencies. If the Class Member does not cure said deficiencies within the time allotted, the Class Member's opt-out shall be rejected. Class Members who submit late or deficient opt-outs shall be issued an Individual Settlement Payment and shall be bound by the Settlement and its releases.

C.    Objection to the Settlement. Only Class Members who do not opt out of the Settlement may object to the Settlement, and may do so by mailing a written objection to the Class Action Clerk of the United States District Court for the Norther District of California, located at 280 South 1st Street, San Jose, CA 95113. The Court will consider all objections as long as they (1) are postmarked by February 25, 2019, (2) contain the Class Member's name and address, and (3) clearly identify the case name and number (*Hoffman v. G&K Services, Inc.*, Case No. 5:17-cv-04465-LHK). The Parties may file responses to any objections submitted at or prior to the hearing for Final Approval.

45.    Reports Regarding Claims Administration. The Settlement Administrator shall provide a weekly report to counsel for all Parties, stating: (a) the number of Workweek challenges received and supporting documentation, if any; and (b) the number of valid and invalid opt-outs received. In addition, the Settlement Administrator shall provide to counsel for all Parties any updated reports regarding the administration of the Agreement as needed or requested.

010-8705-5581/2/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

## VII.    MOTION FOR FINAL APPROVAL AND ENTRY OF JUDGMENT

46.    <u>Final Settlement Approval Hearing and Entry of Judgment</u>. No later than March 11, 2019, Claimants shall file a Motion for Final Approval and Entry of Judgment with all necessary supporting documents ("Final Approval Motion") with the Court and schedule a Final Approval/Settlement Fairness Hearing in accordance with applicable Court rules. Class Counsel shall be responsible for drafting all documents necessary to obtain final approval. Class Counsel shall file and serve their motion for approval of Attorneys' Fees and Costs, and Enhancement Payments, along with all supporting evidence at the same time they file and serve their Final Approval Motion.

47.    <u>Continuing Jurisdiction</u>.  After Final Approval, the Court shall have continuing jurisdiction solely for purposes of addressing: (a) the interpretation and enforcement of the terms of the Settlement, (b) Settlement administration matters, and (c) such post-Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

## VIII.   SETTLEMENT DISTRIBUTIONS

48.    <u>Funding of the Settlement Amount</u>.  Within seven (7) business days after the Effective Date, the Settlement Administrator shall provide Defendant with wire transfer instructions for the transfer of the Maximum Settlement Fund.  Within ten (10) days of the Effective Date, Defendant will make a one-time deposit of the Maximum Settlement Amount into a qualified settlement account to be established by the Settlement Administrator.  Within ten (10) days of the funding of Maximum Settlement Amount, the Settlement Administrator shall issue payments to (a) Participating Class Members; (b) Claimants; (c) Class Counsel; and (d) itself as provided in this Agreement and the Court's Final Approval Order.

49.    <u>Settlement Checks.</u>  Any amount attributed to the share of Class Members who opt-out shall be distributed to Participating Class Members on a *pro rata* basis, and the Settlement Administrator shall be responsible for making appropriate deductions, reporting obligations, and issuing the Individual Settlement Payments. The expiration date on the settlement checks shall be one hundred and eighty (180) calendar days from the date the

Individual Settlement Payments are issued.

50.     <u>Unclaimed Funds</u>.  Residue from uncashed Individual Settlement Payments, if any, shall be paid out pursuant to California Code of Civil Procedure section 384(b)(3) to the following *cy pres* recipients: (i) fifty percent (50%) to the Legal Aid Society of Santa Clara County and fifty percent (50%) to the Inner City Law Center in Los Angeles.

51.     <u>Issuance of Tax Forms</u>.  The Settlement Administrator shall be responsible for issuing to Claimants, Participating Class Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Agreement.  The Settlement Administrator shall also be responsible for forwarding all payroll taxes withheld from the payments issued in this Settlement to the appropriate government authorities.

## IX.     MISCELLANEOUS PROVISIONS

52.     <u>Revocation of Agreement by Defendant</u>.  If more than twenty percent (20%) of the Class Members opt out of the Settlement, Defendant may, at its election, rescind the Settlement and all actions taken in furtherance of it shall thereby be null and void.  Defendant must exercise this right of revocation, in writing, to Class Counsel within five (5) business days after the Settlement Administrator notifies the Parties of an opt-out rate of more than twenty percent (20%).  If the option to revoke is exercised, Defendant shall be solely responsible for all of the Claims Administration Costs accrued to that point.

53.     <u>Termination of Settlement</u>.  Either Party may terminate this Settlement if the Court declines to grant Preliminary Approval, or Final Approval or enter final judgment in substantially the form submitted by the Parties, or the Agreement in substantially the form submitted by the Parties does not become final because of appellate court action.  Claimants do not have the right to terminate this Settlement if the Court does not award or reduces the amount of Attorneys' Fees and Costs or Enhancement Payment sought.  The terminating Party shall give to the other Party (through its counsel) written notice of its decision to terminate no later than five (5) business days after receiving notice that one of the enumerated events has occurred.  Termination shall have the following effects:

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

I.      The Agreement shall be terminated and shall have no force or effect, and no Party shall be bound by any of its terms;

J.      In the event the Settlement is terminated, Defendant shall have no obligation to make any payments to any Party, Class Member or attorney, except that the terminating Party shall pay the Settlement Administrator for services rendered up to the date the Settlement Administrator is notified that the Settlement has been terminated;

K.      The Agreement and any related settlement documents, including any Memorandum of Understanding between the Parties, shall be null and void, except for the provisions concerning Confidentiality and No Admission of Liability, and any class certified for settlement purposes shall be vacated;

L.      The Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Action prior to the Settlement;

M.      Neither the Agreement, nor any ancillary documents, actions, statements or filings in furtherance of Settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Action or any other action for any purpose whatsoever.

54.     Confidentiality and Non-Disclosure.  Prior to Final Approval, the Class Representatives and Class Counsel will not make any public disclosure or social media postings of the dispute between the Parties, the Settlement or the Confidential Memorandum of Understanding except for what is necessary to obtain Final Approval.  If comment or information is requested by the media during this time, Class Representatives and Class Counsel shall provide no information other than to direct the media to the public records of the Action on file with the Court.  Class Counsel shall take all steps necessary to ensure the Class Representatives are aware of, and will encourage them to adhere to, the restriction against any public disclosure and media comment of the Settlement and its terms during this period.  This non-disclosure shall not serve to interfere with the duties or obligations of Class Counsel to

010-8705-5581/2/AMERICAS

represent, or otherwise to respond to questions or inquiries of, Class Members about the terms of this Settlement. Claimants and the Released Parties acknowledge, understand and agree that this Confidentiality and Non-Disclosure provision is essential to Defendant and that Defendant would not have entered into this Agreement were it not for the representations and commitment provided in this Paragraph.

55.    <u>Entire Agreement</u>.  This Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.  The Parties expressly recognize California Civil Code section 1625 and California Code of Civil Procedure section 1856(a), which provide that a written agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence, and the Parties agree that no such extrinsic oral or written representations or terms will modify, vary or contradict the terms of this Agreement.

56.    <u>No Prior Assignments</u>.  The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

57.    <u>Authorization to Enter Into Agreement</u>.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel shall cooperate with each other and use their best efforts to effectuate the implementation of the Settlement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

58.    <u>California Law Governs</u>.  All terms of this Agreement and Exhibits hereto shall

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1    be governed by and interpreted according to the laws of the State of California.

2         59.    <u>Execution and Counterparts</u>.  Because the proposed Class has not yet been

3    certified, and the members of the proposed Class are so numerous, the Parties agree that it is

4    impossible or impractical to have each Class Member sign this Agreement.  It is agreed that, for

5    purposes of seeking Court approval of the Settlement, this Agreement shall become effective

6    upon its execution by all of the undersigned.  The Parties may execute this Agreement in any

7    number of counterparts, and a facsimile signature shall have the same force and effect as an

8    original.

9         60.    <u>Captions</u>.  The captions and section numbers in this Agreement are inserted for

10   the reader's convenience, and in no way define, limit, construe or describe the scope or intent of

11   the provisions of this Agreement.

12        61.    <u>Mutual Preparation</u>.  The Parties have had a full opportunity to negotiate the

13   terms and conditions of this Agreement.  Accordingly, this Agreement shall not be construed

14   more strictly against one party than another.  The Parties recognize that, because of the arms-

15   length negotiations between the Parties, all Parties have contributed equally to the preparation

16   of this Agreement.

17        62.    <u>Representation By Counsel</u>.  The Parties acknowledge that they have been

18   represented by counsel throughout all negotiations that preceded the execution of this

19   Agreement, and that this Agreement has been executed with the consent and advice of counsel,

20   and reviewed in full.  Further, Claimants and Class Counsel warrant and represent that there are

21   no liens on the Agreement.  Other than what Class Counsel has previously disclosed, Class

22   Counsel represent that they are not currently in communication with any current or former

23   employee of Defendant regarding claims against Defendant aside from the claims released in

24   this Agreement and that they have no plans to represent anyone in bringing any claims, actions,

25   charges or complaints against Defendant.

26        63.    <u>Cooperation and Execution of Necessary Documents</u>.  The Parties shall

27   cooperate in good faith and execute all documents to the extent reasonably necessary to

28

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1   effectuate the terms of this Agreement.

2       64.   Integration and Modification.  This Agreement contains the entire agreement

3   between the Parties relating to the settlement of the Action, and all prior or contemporaneous

4   agreements, understandings, representations, and statements, whether oral or written and

5   whether by a party or such party's legal counsel, with respect to such matters, are extinguished.

6   This Agreement may not be changed, altered or modified, except in writing signed by counsel

7   for all Parties or their successors-in-interest and approved by the Court.  This Agreement shall

8   be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees,

9   executors, administrators, successors and assigns.  The releases contained within this

10  Agreement shall be in addition to and cumulative with any other release by an individual Class

11  Member.  However, this Agreement shall not supersede any prior or current arbitration

12  agreements and/or release agreements concerning a Class Member.

13      65.   Binding Agreement.  The Parties warrant that they understand and have full

14  authority to enter into this Agreement, and further intend that this Agreement will be fully

15  enforceable and binding on all parties, and agree that it will be admissible and subject to

16  disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality

17  provisions that otherwise might apply under state or federal law.

18      IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this

19  Joint Stipulation of Class Action Settlement and Release between Claimants and Defendant as of

20  the date(s) set forth below:

21

22                          **SIGNATURES**

23                  **READ CAREFULLY BEFORE SIGNING**

24                          **CLAIMANT**

25  Dated: _____       DocuSigned by:

26                                          _____
                                            8197119498D740D...

27                                          Jesse Hoffman

28

AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE – CASE NO. 5:17-CV-
                                    04465-LHK
010-8705-5581/2/AMERICAS

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

Dated: 12/14/2018

DocuSign Envelope ID: BEA97A9C-B113-416E-AB36-7FD5DC43C8E3

1

2
    Dated:  12/14/2018

3

4
    Philip Dolan

5

6

7
    Dated: 12/17/2018

8
    G&K Services LLC, Cintas Corporation No. 2
and Cintas Corporation No. 3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLAIMANT**

**DEFENDANT**

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

- 23 -
AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE – CASE NO. 5:17-CV-
04465-LHK

010-8705-5581/2/AMERICAS